**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**WANDA BENSON**                                                    **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:07cv276KS-MTP**

**FAMILY HEALTH CENTER, INC.**                                    **DEFENDANT**


**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion to Remand **[#5]** filed on behalf of the

plaintiff.  The court, having reviewed the motions, the response, the pleadings and

exhibits on file, the briefs of counsel and being otherwise fully advised in the premises

finds that the motion is not well taken and should be denied.  The court specifically finds

as follows:


**FACTUAL BACKGROUND**

The plaintiff is an adult resident of Jones County, Mississippi, and the defendant

is a non-profit Mississippi corporation located in Laurel, Mississippi.  The plaintiff was

hired as an accounting clerk by the defendant on June 3, 1996, and was promoted to

the position of Assistant Finance Director in 2000.  On September 28, 2006, the plaintiff

was moved to the position of Director of Safety and Security/Purchasing.  On December

11, 2006, the plaintiff was terminated by letter given to her by the janitor.  The

termination notice alleged that the plaintiff was guilty of dereliction of duties,

undermining the directives of the Executive Director and insubordination.  The plaintiff,

who was over the age of forty at the time or her termination, also alleges that four other females were terminated that same day and that she was replaced by two younger males.

The plaintiff filed her Complaint on August 22, 2007, against the defendant, Family Health Center, Inc., in the First Judicial District for the Circuit Court of Hinds, County Mississippi alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), as well as sexual harassment/discrimination in violation of Title VII of the Civil Rights Act of 1964 and state law claims of intentional infliction of emotional distress.

A copy of the Complaint was delivered to the Family Health at their offices located at 100 Buchanan Street, Laurel, Mississippi 39440 on September 13, 2007, to an unnamed employee.  The return on the service of process indicates that it was delivered to the "Family Health Center."  The process and Complaint were forwarded to the Director of Human Relations who forwarded it to the Board of Directors of Family Health on October 5, 2007.

The Board of Directors proceeded to authorize legal representation in regards to the same by resolution on October 12, 2007.   Counsel for the defendant then filed a Motion for Time to Plead in the Circuit Court of Hinds County, which was granted by an Agreed Order duly executed by counsel for both parties herein.  The defendant then filed a Notice of Removal on October 24, 2007, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331, and removed pursuant to the authority of 28 U.S.C. § 1441(b) and the procedure of § 1446(b).

In response to the removal, the plaintiff has filed a perfunctory motion to remand

with no supporting memoranda alleging that the defendant's removal of this action was untimely.  That motion is before the court and is ripe for resolution.

## STANDARD OF REVIEW - REMAND

The Fifth Circuit has consistently held that the party urging jurisdiction upon the district court bears the burden of demonstrating that the case is one which is properly before that court.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Village Fair Shopping Co. v. Sam Broadhead Trust*, 588 F.2d 431 (5th Cir. 1979); *Ray v. Bird & Son and Asset Realization Co., Inc.*, 519 F.2d 1081 (5th Cir. 1975).  Even though this court has a limited jurisdiction whose scope is defined by the constitution and by statute, "[w]hen a federal court is properly appealed to in a case over which it has, by law, jurisdiction, 'it has a duty to take such jurisdiction.'" *England v. Louisiana Medical Examiners,* 375 U.S. 411, 84 S. Ct. 461, 11 L.Ed.2d 440, 445 (1964) (other citations omitted).  Chief Justice Marshall wrote in *Cohens v. Virginia*, 19 U.S. 264, 5 L.Ed. 257, 291 (1821), "It is true that this court will not take jurisdiction if it should not; but it is equally true, that it must take jurisdiction if it should."

## UNTIMELY REMOVAL

The plaintiff asserts that the defendant failed to timely remove this action from state court.  Process was issued in this case at the time of filing on August 22, 2007, and process was delivered to the Family Health Center on September 13, 2007, as stated above.  The plaintiff asserts that the defendant then had until October 13 to

remove and that removal on October 24 was eleven days late.  The defendant asserts

that process was not effected until it was delivered to the Board of Directors on October

5 and, thus, its October 24 removal was timely.

Title 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed
> within 30 days after the receipt by the defendant, through service or
> otherwise, of a copy of the initial pleading setting forth the claim for relief
> upon which such action or proceeding is based, or within 30 days after the
> service of summons upon the defendant if such initial pleading has then
> been filed in court and is not required to be served on the defendant
> whichever period is shorter.
>
> If the case stated by the initial pleading is not removablel, a notice
> of removal may be filed within 30 days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion,
> order, or other paper from which it may first be ascertained that the case
> is one which is or has become removable, except that a case may not be
> removed on the basis of jurisdiction conferred by § 1332 of this title more
> than one year after commencement of the action.

Service in state court is governed by Rule 4, Mississippi Rules of Civil

Procedure.  Family Health is a Mississippi non-profit corporation and the rule provides,

in pertinent part, that service.

> (4) Upon a domestic or foreign corporation or upon a partnership or other
> unincorporated association which is subject to suit under a common
> name, by delivering a copy of the summons and of the complaint to an
> officer, a managing or general agent, or to any other agent authorized by
> appointment or by law to receive service of process.

Mississippi Rules of Civil Procedure, Rule 4(d)(4).

The process server's return only indicates that the process was delivered to the

"Family Health Center."  There is no indication as to whom the process was given, i.e.,

whether it was given to a "managing or general agent, or to any other agent authorized

by appointment or by law to receive service of process."  The court is left only with the

defendant's assertion that process was not delivered to the Board until October 5. Certainly, the Board is a proper entity to receive process.  Under the statute, simply leaving process at a place of business as service upon a corporation is not effective. Process must be delivered to an appropriate officer or agent authorized to accept such. Therefore, under the facts of this case, process was not effected until its delivery on October 5, 2007, and the removal on October 24 was timely.

### *FEDERAL QUESTION JURISDICTION*

The defendant also asserts that this court has federal question jurisdiction.  In order for the court to properly entertain federal question jurisdiction pursuant to 28 U.S.C. § 1331 and be removable under 28 U.S.C. § 1441(b), the cause of action must be one which arises "under the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331.  A suit arises under federal law if some substantial, disputed question of federal law appears on the face of the well pleaded complaint.  *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 12, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).   "A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is 'an element, and an essential one, of the plaintiff's cause of action.'"  *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362 , 366 (5th Cir. 1995)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 111, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936)).

In assessing the propriety of removal based on federal question jurisdiction, the district court applies the well-pleaded complaint rule under which federal jurisdiction is

found to exist only where a federal claim is presented on the face of the plaintiffs' properly pleaded complaint.  *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998).  Actions under the ADEA and Title VII are certainly ones which arise "under the Constitution, laws or treaties of the United States," and the plaintiff has pled both ADEA and Title VII claims in her Complaint. However, such jurisdiction is not exclusive as the state courts have both the ability and authority to enforce federal employment discrimination laws.  *See Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 110 S.Ct. 1560, 108 L.Ed.2d 834 (1990).  But the recognition that state and federal courts have concurrent jurisdiction over such federal claims does not obviate the fact that the plaintiff's claims are properly removable to the district court pursuant to 28 U.S.C. §§ 1331, 1441(b) under its federal question jurisdiction.

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's Motion to Remand **[#5]** is Denied and that the parties shall contact the Magistrate Judge within ten days of this order for the entry of a Case Management Order.

SO ORDERED AND ADJUDGED this the 30th day of January, 2008.


                                        *s/Keith Starrett*
                                        UNITED STATES DISTRICT JUDGE