# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**WANDA BENSON**                                                                                                       **PLAINTIFF**

**VERSUS**                               **CIVIL ACTION NO. 2:07cv276KS-MTP**

**FAMILY HEALTH CENTER, INC.**                                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Summary Judgment **[#34]** filed on behalf of the defendant. The court, having reviewed the motion, the response, the pleadings and exhibits on file, the briefs of counsel and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court specifically finds as follows:

## FACTUAL BACKGROUND

The plaintiff is an adult resident of Jones County, Mississippi, and the defendant is a non-profit Mississippi corporation located in Laurel, Mississippi. The plaintiff was hired as an accounting clerk by the defendant on June 3, 1996, and was promoted to the position of Assistant Finance Director in 2000. On September 28, 2006, the plaintiff was moved to the position of Director of Safety and Security/Purchasing. On December 11, 2006, the plaintiff was terminated by letter given to her by the janitor. The termination notice alleged that the plaintiff was guilty of dereliction of duties, undermining the directives of the Executive Director and insubordination. The plaintiff,

who was over the age of forty at the time or her termination, also alleges that four other females were terminated that same day and that she was replaced by two younger males.

On January 9, 2007, Benson filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging among other things, that she was discriminated against because of her sex (female) in violation of Title VII of the Civil Rights Act of 1964, as amended and because of her age (43) in violation of the Age Discrimination in Employment Act of 1967. The Equal Employment Opportunity Commission issued its NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST) dated June 27, 2007.

The plaintiff filed her Complaint on August 22, 2007, against the defendant, Family Health Center, Inc., in the First Judicial District for the Circuit Court of Hinds, County Mississippi alleging violations of the Age Discrimination in Employment Act of 1967 (ADEA), as well as sexual harassment/discrimination in violation of Title VII of the Civil Rights Act of 1964 and state law claims of intentional infliction of emotional distress.

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). The

existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992).

## PLAINTIFF'S TITLE VII CLAIMS

In order to prevail, the plaintiff must prove <u>intentional</u> discrimination. *Jones v. Flagship International*, 793 F.2d 714, 719 (5th Cir. 1986). Thus, the factual inquiry is whether "'the employer [is] treating some people less favorably than others because of their race, color, religion, sex, or national origin.'" *Id.* (*quoting United States Postal Service Board of Governors v. Aikens*, 460 U.S. 711, 715 (1983)(other citations omitted)).

The burden rests with the plaintiff to prove his case by a preponderance of the evidence, *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 1093, 94, 67 L.Ed.2d. 207, 215 (1981); he may do so by offering either direct evidence of discriminatory animus or by offering circumstantial evidence sufficient to support an inference of discrimination. *Ramirez v. Sloss*, 615 F.2d 163, 168 (5th Cir. 1980). *See also Lee v. Russell County Bd. of Education*, 684 F.2d 769, 773-74 (11th Cir. 1982).

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S. Ct. 1917, 36 L.Ed.2d. 668 (1973), recognized the difficulty of proof for Title VII claimants who rely on circumstantial evidence to prove discrimination. The Court responded by establishing an order of presentation of proof and an allocation of the burden of production for Title VII claimants. The burden rests with the plaintiff to establish a *prima facie* case of discrimination. Once the plaintiff meets that burden, the defendant must then articulate some legitimate, nondiscriminatory explanation for the adverse employment action. Finally, the plaintiff must have an opportunity to prove by a preponderance of the evidence that the explanation offered by the defendant is a pretext for discrimination. *Burdine,* 450 U.S. 248, 101 S. Ct. 1089, 67 L.Ed.2d. 207 (1981).

In *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L.Ed.2d 407 (1993), the Supreme Court held that a plaintiff is not entitled to prevail merely by proof that a defendant's stated reason for the employment actions is pretextual.  The Fifth Circuit, interpreting *St. Mary's Honor Center,* held:  "To prevail ultimately, the plaintiff must prove, through a preponderance of the evidence, that the employer's reasons were not the true reason for the employment decision <u>and</u> that unlawful discrimination was."  *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955 (5th Cir. 1993).

The United States Supreme Court gave additional guidance on the burden shifting analysis enunciated in *McDonnell Douglas v. Green* in *Reeves v. Sanderson Plumbing Products, Inc.*,  530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).[1]  The court held that meeting the requirement of showing a *prima facie* case of age discrimination coupled with sufficient proof to allow a jury to determine that the employer's stated nondiscriminatory reason is false is sufficient to support a verdict.

Previously, this Circuit had analyzed Supreme Court precedent to require something beyond a *prima facie* case and rebuttal of the employer's nondiscriminatory reason.  In *Reeves*, the Fifth Circuit had reversed a jury finding of liability when a plaintiff had in fact proved a *prima facie* case of age discrimination and had offered substantial proof to show that the employer's nondiscriminatory reason for the discharge was false. 197 F.3d 688 (5th Cir. 1999).

In resolving a conflict among the Circuits, the Supreme Court reversed the Fifth

---

[1] While the *Reeves* case dealt with a judgment as a matter of law the Court acknowledged that the same standard for judging a motion under Rule 50 is applied under Rule 56 as "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" *Reeves,*  530 U.S. at 150 (quoting *Anderson v. Liberty Lobby Inc.*, 477, U.S. at, 250-251; *see also, Celotex Corp. v. Catrett*, 477 U.S. at 323).

Circuit and stated "Thus, a plaintiff's *prima facie* case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. However, the unanimous *Reeves* Court went on to hold "an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred." *Id.*

The Fifth Circuit held in *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993):

> To make out an ADEA claim, the plaintiff must establish the existence of discrete facts that show some nexus between the employment actions taken by the employer and the employee's age.

"The ADEA was not intended to be a vehicle for judicial second-guessing of employment decisions, nor was it intended to transform the courts into personnel managers." *Bienkowskv. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. 1988) (citations omitted).

If the plaintiff has demonstrated a genuine issue of material fact from which any reasonable jury can conclude that she was discriminated against because of her age, then defendant's motion for summary judgment should fail. If, however, the plaintiff has not produced any evidence before the court which would justify a reasonable jury in finding intentional discrimination on the basis of her age, the defendant should not be put to trial.

## AGE DISCRIMINATION CLAIM

In order to present a *prima facie* case of age discrimination, the plaintiff must offer proof that she: 1) was members of a protected class; 2) was qualified for the positions she held; 3) was subject to an adverse employment action; and 4) was replaced by someone outside the protected class or that others similarly situated were treated more favorably. *See Abarca v. Metropolitan Transit Authority*, 404 F.3d 938, 941 (5th Cir. 2005); and *Okoye v. University of Texas Houston Health Science Certer*, 245 F.3d 507 (5th Cir. 2001).

## SEX DISCRIMINATION CLAIM

Although the plaintiff has characterized her claims as sex discrimination as well as sexual harassment, she has disavowed any claims of sexual harassment. In order to support a claim of sexual discrimination, more aptly described as "gender discrimination," the plaintiff would have to offer proof that similarly situated male employees were treated more favorably than she was. *See, Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 252-53, 101 S. Ct. 1089, 1093, 67 L.Ed.2d. 207, 215 (1981).

## ANALYSIS

The defendant does not dispute that the plaintiff was a member of a protected class, that she suffered an adverse employment action, and that she was replaced by

someone younger than she. Nor does the defendant effectively argue that the plaintiff was not qualified for her position. The defendant asserts that because the plaintiff was terminated for failure to perform her job duties that she was not qualified. However, she had performed the duties for a number of years and only was charged with failure to fulfill her job obligations after a new director was appointed to the position she wanted. The defendant's only argument in this regard is that the plaintiff limited her claims in her deposition testimony by only asserting that she heard rumors that all of the women employees were being replaced with men in support of her age discrimination claim. Further, the defendant contends that the plaintiff voluntarily waived all of her claims for sexual harassment/ discrimination via her deposition testimony.

     The plaintiff refutes the assertion that she has failed to make out a *prima facie* case and the court agrees. The defendant's brief and argument on *prima facie* case is totally inadequate to convince the court otherwise. However, that does not end the inquiry. Indeed, the next hurdle for the plaintiff is far tougher than the first. Once she makes out a *prima facie* case of discrimination, it becomes incumbent upon the defendant to articulate some legitimate, nondiscriminatory explanation for the adverse employment action.

     The defendant has offered proof in support of its decision to terminate the plaintiff that her failure to comply with the requirements of her job as soon she learned that she would not be considered for the Executive Director position, her failure to carry out her responsibilities, the fact that she took a leave of absence and upon her return set upon a course of conduct to undermine the mission of the clinic amply justify her termination. The stated reasons the plaintiff was terminated were for dereliction of duties,

insubordination and undermining the mission of the Family Health Clinic, Inc., disruptive behavior and gross misconduct.

The defendant has thus offered a legitimate, nondiscriminatory reason for its termination of the plaintiff. It then becomes incumbent on the plaintiff to offer proof that the explanation offered by the defendant is a pretext for discrimination. This, she has failed to do, on either her ADEA claim or her gender discrimination claim. She has offered absolutely nothing to refute the legitimate business decision of her employer to terminate her. In fact, the only thing offered is an admission by the defendant that during a three year period, every employee fired for dereliction of duties was a female. This statistical anomaly, if it is even that, proves nothing.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion for Summary Judgment **[#34]** is Granted and the plaintiff's complaint is dismissed with prejudice. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 22nd day of January, 2009.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE